No. 23-3085

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

HEIDE MONTOYA,

Appellee

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, doing business as AMTRAK,

Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
District Court Case No. 22-cv-04773
The Honorable Rebecca R. Pallmeyer

---

**APPELLEE'S SUPPLEMENTAL JURISDICTIONAL
MEMORANDUM**

---

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com
*Attorney for the Appellee, Heide
Montoya*

# <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT PROCEDURAL BACKGROUND……………………………1

ISSUES TO BE ADDRESSED……………………………………...………2

    <u>Issue One</u>: Whether 9 U.S.C. § 16 Applies in this
Matter In Light of the Exemption in 9 U.S.C. § 1…………….………2

    <u>Issue Two</u>: Whether the District Court has Denied
a Request for Arbitration or has Simply Deferred
Decision Pending Further Factual Development………...............5

CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32...............8

CERTIFICATE OF SERVICE ……………………………………………9

# TABLE OF AUTHORITIES

**CASES**                                                    **Page(s)**

*Baltimore & Ohio Southwestern R. Co. v. Burtch,*
   263 U.S. 540, 44 S.Ct. 165, 68 L.Ed. 433 (1924)......................4

*Bissonnette v. Bakeries Park St., LLC,*
   601 U.S. 246, 144 S. Ct. 905, 218 L. Ed. 2d 204 (2024)..........2-3

*Circuit City Stores, Inc. v. Adams,*
   532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001)........3-4

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,*
   108 F.4th 458 (7th Cir. 2024)...............................……...................1-2

*Sw. Airlines Co. v. Saxon,*
   596 U.S. 450, 142 S. Ct. 1783, 213 L. Ed. 2d 27 (2022)….........3-4

*Lexion Medical, LLC v. Northgate Technologies, Inc.,*
   618 F. Supp. 2d 896 (N.D. Ill. 2009)…....................…....…..........2

**STATUTES**

28 U.S.C. § 1291…..............................................................................1

28 U.S.C. § 1292(b)…..........................................................................1

9 U.S.C. § 1 *et seq*…...........................................................................1

710 ILCS 5/1 *et seq*…...........................................................…..........1

9 U.S.C. § 1….........................................................…........................1-2

9 U.S.C. § 4…....................................................................................6

9 U.S.C. § 16(a)(1)(B)….....................................................................2

Plaintiff-Appellee Heide Montoya, in response to this Court's Order that supplemental briefs on two issues be submitted by the parties, states as follows:

RELEVANT PROCEDURAL BACKGROUND

At oral argument this Court noted that the district court's decision was not a final decision and thus the appeal was not brought pursuant to 28 U.S.C. § 1291. Appellant did not appeal this matter as an interlocutory appeal under 28 U.S.C § 1292(b) which could have allowed Amtrak to seek review of its claims under both the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "Act") and the Illinois Uniform Arbitration Act, 710 ILCS 5/1 *et seq.* Appellant therefore waived its right to appeal its claim that it can enforce the arbitration agreement under state law because the appeal sought review of the decision based on issues that relate to both the state and federal arbitration statutes. The "orderly presentation of issues for appeal is critical, particularly in a case with as many issues swirling around as in this one". *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,* 108 F.4th 458, 492 (7th Cir. 2024). "An issue that falls within the scope of the judgment appealed from that is not raised by the appellant in its opening brief on appeal is necessarily

1

waived." *Id.,* citing *Lexion Medical, LLC v. Northgate Technologies, Inc.,* 618 F. Supp. 2d 896, 902 (N.D. Ill. 2009).

The only remaining statutory provision that could possibly provide this Court with jurisdiction under these circumstances is § 16(a)(1)(B) of the Act, which covers an appeal taken from an order "denying a petition under Section 4" of the Act. 9 U.S.C. § 16(a)(1)(B).

## ISSUES TO BE ADDRESSED

Issue One: Whether 9 U.S.C. § 16 Applies in this Matter
In Light of the Exemption in 9 U.S.C. § 1

The initial issue is whether this matter is covered by the Federal Arbitration Act, thereby providing jurisdiction to this Court. Section 1 of the Federal Arbitration Act exempts from coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (definition of "commerce"). At oral argument the Court requested the parties address whether Amtrak's arbitration agreement with Montoya is even covered under the Federal Arbitration Act in light of the § 1 exemption and the Supreme Court's ruling in *Bissonnette v. Bakeries Park St., LLC*, 601 U.S. 246, 144 S. Ct. 905, 218 L. Ed. 2d 204 (2024).

In *Bissonnette* the question was whether a transportation worker need perform work for a company in the transportation industry to be exempt from coverage under § 1, or whether it was the nature of the work performed in any industry engaged in foreign or interstate commerce that rendered the employee exempt. The Supreme Court held in *Bissonnette* it was the latter, explaining that § 1 "refers to 'workers' who are 'engaged' in commerce", language which focuses on the "performance of work" rather than "the industry of the employer." *Bissonnette*, 601 U.S. at 253, 144 S. Ct. at 911, 218 L. Ed. 2d 204. The Supreme Court explained that to be exempt, an employee "'must at least play a direct and 'necessary role in the free flow of goods' across borders'.*" Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. at 256, 144 S. Ct. at 913, 218 L. Ed. 2d 204 (quoting *Circuit City*, 532 U.S. at 121, 121 S.Ct. 1302).

The Supreme Court applied this standard in a context similar to this case in *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 142 S. Ct. 1783, 213 L. Ed. 2d 27 (2022). *Saxon* involved a plaintiff who worked as a ramp supervisor for an airline. *Id.* The Court held that "airline employees who physically load and unload cargo on and off planes traveling in interstate commerce are, as a practical matter, part of the interstate transportation

3

of goods". *Saxon,* 596 U.S. at 457, 142 S. Ct. at 1789, 213 L. Ed. 2d 27,

quoting *Baltimore & Ohio Southwestern R. Co. v. Burtch,* 263 U.S. 540,

544, 44 S.Ct. 165, 68 L.Ed. 433 (1924). They form "a class of workers

engaged in foreign or interstate commerce." *Saxon*, 596 U.S. at 457, 142

S. Ct. at 1789, 213 L. Ed. 2d 27. The exemption would not cover other

airline workers who do not handle cargo because the statute does not use

the broader language that would encompass those employees, such as

"affecting" or "involving" commerce, instead using the narrower language

"engaged in". *Saxon*, 596 U.S. at 458, 142 S. Ct. at 1789, 213 L. Ed. 2d

27.

   In applying the standard to Saxon, the Supreme Court held she was

exempt because "she frequently loads and unloads cargo on and off

airplanes that travel in interstate commerce." *Saxon*, 596 U.S. at 463,

142 S. Ct. at 1793, 213 L. Ed. 2d 27. Here, Montoya, like Saxon,

frequently loads and unloads cargo on and off trains that travel in

interstate commerce to assist the train personnel and has done so since

before the Advisory was sent to her in 2018 and continues to do so, during

this timeframe spending a minimum of three days per week, 1-2 hours

per day, loading and/or unloading cargo.  It is unlikely Amtrak will

dispute that she does so, but in the event it does then this matter should be referred to the district court for hearings on this issue to resolve the fact dispute and determine whether Montoya is exempt under the statute.

<u>Issue Two</u>: Whether the District Court has
Denied a Request for Arbitration or has Simply Deferred Decision
Pending Further Factual Development

The transcript from September 26, 2023 suggests that the district court was considering deferring a decision on the arbitrability of Montoya's claims pending further factual development (Transcript of 9/26/23 Proceedings, ECF 28, 5:22-25; 6:22-24). However, in the subsequent written order (ECF 27) the district court's order clearly "denies Defendant's motion to compel arbitration and dismiss the complaint" and states that if the parties decide not to explore the possibility of settlement the next steps would be establishing plans "for resolution of Ms. Montoya's dispute," not establishing plans for the resolution of Defendant's motion to compel arbitration. The district court did not take the motion under advisement or schedule a hearing on the motion. Amtrak's motion was ruled on and the proceedings were moving forward focused on Montoya's claims. Amtrak never even attempted to

supplement the record with any explanations or additional evidence after September 26, 2023.

The district court's decision is consistent with how such matters should be handled under Section 4 of the Federal Arbitration Act which provides, [t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Here, after a hearing and repeated opportunities the district court provided to Amtrak to present evidence to support its motion to enforce the arbitration agreement, even to the extent of specifically directing Amtrak on what evidence it needs to provide to support its motion (e.g., ECF 24, "But Exhibit B to the Second Declaration does not appear in the electronic docket. Defendant is directed promptly to file Exhibit B"), Amtrak still failed to present evidence that could support its position. Amtrak first stated that the 2018 Advisory email did not have the arbitration agreement attached in Amtrak's records, and then subsequently produced an arbitration agreement that was dated *after* the date of the 2018 Advisory, offering no

explanation for the discrepancy. After considering the evidence presented by Amtrak, the district court entered an order denying the motion to compel arbitration and dismiss the case. Amtrak never made a jury demand (and could not under § 4) and in fact never requested a trial, as confirmed by Amtrak's counsel during oral argument. The district court gave Amtrak ample opportunity in repeated hearings to provide information, argument, briefs, and evidence to support its motion. It simply failed to do so.

WHEREFORE, Plaintiff Heide Montoya respectfully requests that the appeal be denied for lack of jurisdiction and the case remanded to the district court for further proceedings establishing plans for the resolution of Montoya's claims.

Respectfully submitted,

**Dated**: September 24, 2024

**HEIDE MONTOYA**

/s/ Ruth I. Major
One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com

7

## <u>CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32</u>

The undersigned counsel of record for Appellee Heide Montoya certifies pursuant to

Fed. R. App. P. 32(a)(7)(C) that the Supplemental Jurisdictional Memorandum of Appellee

complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the Brief

contains 1,433 words including headings, footnotes, and quotations excluding the parts of the

Brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and the type style requirements of Fed. R.

App. P. 32(a)(6) because the Brief has been prepared in a proportionally spaced typeface using

Microsoft Word, Century Schoolbook font in 14 point size.

Respectfully submitted,

**Dated**: September 24, 2024

**HEIDE MONTOYA**

<u>/s/ *Ruth I. Major*</u>
One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF (electronic case filing system), and that the below counsel of record was electronically served via the Court's CM/ECF system:

Michael A. Wilder (IL 6291053)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite
1100 Chicago, IL 60654
Telephone: 312-372-5520
Facsimile: 312-372-7880
E: mwilder@littler.com
Attorneys for Appellant
National Railroad Passenger Corporation, d/b/a Amtrak

Respectfully submitted,

**Dated**: September 24, 2024

**HEIDE MONTOYA** /

s/ *Ruth I. Major*
One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
The Law Offices of Ruth I. Major, P.C.
77 West Wacker Drive Suite 4500
Chicago, Illinois 60601
Phone: (312) 893-7544
rmajor@major-law.com